IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEVELOPERS SURETY AND INDEMNITY COMPANY,** *Plaintiff*, v. **MEGA CONSTRUCTION CORPORATION OF NEW JERSEY, INC.,** et al., *Defendants*. | **CIVIL ACTION NO. 2:15-cv-4729-MMB** |

### MEMORANDUM RE: MOTION FOR RECONSIDERATION

**Baylson, J.**                                                                                                              **April 12, 2023**

By Memorandum and Order, dated March 17, 2023, this Court denied the Motion of Plaintiff for Summary Judgment (ECF No. 69). Plaintiff has filed a Motion for Reconsideration (ECF No. 71) and has cited in support a Stipulated Chronology of All Material Facts (ECF No. 63) and has relied on Section 5 of the General Agreement of Indemnity ("GIA").

In denying Plaintiff's Motion for Summary Judgment, the Court relied on the absence in the record of an actual default, which the Motion for Reconsideration asserts was an error of law under settled Pennsylvania law. Section 5 of the GIA provides as follows:

Principal and Indemnitors shall be in default hereunder upon the occurrence of any of the following:

5.1 Any declaration by any obligee that the Principal is in default.

5.2 The breach of this Agreement by the Principal.

5.8 The commencement of any action by an obligee against the Principal in which the Surety is joined as a party or involves circumstances which are the basis of any claim made against any Bond.

See Docket No. 1-4, at 6.

Under the Stipulated Chronology, this Court is bound to find that Plaintiff has established a prima facie evidence of default, and the Court erred in failing to make that conclusion in its prior Memorandum of March 17, 2023.  See Developers Surety and Indemnity Co. v. Mega Const. Corp. of N.J., Inc., No. 2:15-cv-4729, 2023 WL 2562989 (E.D. Pa. Mar. 17, 2023).

In addition, the Court finds under the Third Circuit case of Fallon Electric Company v. Cincinnati Insurance Company, 121 F.3d. 125, (3d Cir. 1997), that a showing of disbursement pursuant to a "prima facie evidence clause" is sufficient to establish indemnification liability. See Sec. 2.4, GIA (""In any claim or suit hereunder, an itemized statement of claims or losses paid or liabilities incurred and expenses paid or incurred, declared under penalty of perjury to be true and correct by an officer of Surety, or the vouchers or other evidence of disbursement by Surety, *shall be prima facie evidence of the fact and extent of liability hereunder of Principal and Indemnitor*.") (emphasis added).

An appropriate Order follows.